**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| **LARRY REYNOLDS** <br> 5266 Moser Lane <br> Perrysburg, Ohio 43551 <br><br> Plaintiff, <br> v. <br><br> **FCA US LLC** <br> c/o Statutory Agent <br> CT Corporation System <br> 4400 Easton Commons Way Suite 125 <br> Columbus, OH 43219 <br><br> Defendant. | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * | Case No. <br><br> Judge <br><br> **COMPLAINT; JURY DEMAND** <br> **ENDORSED HEREON** <br><br> Francis J. Landry (0006072) <br> **WASSERMAN, BRYAN, LANDRY** <br> **& HONOLD, LLP** <br> 1090 W. South Boundary St <br> Suite 500 <br> Perrysburg, Ohio 43551 <br> Telephone: (419) 243-1239 <br> Facsimile: (419) 243-2719 <br> Email: FLandry308@aol.com <br> Attorney for Plaintiff <br> Larry Reynolds |

\* \* \* \* \* \* \* \*

**JURISDICTION**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1331, 1337, 1343, 2201 and 2202. This is an action for a violation of 42 U.S.C. Sections 2000e et seq. known as Title VII of the Civil Rights Act of 1964 as amended and as amended by the Civil Rights Act of 1991. Plaintiff also invokes the jurisdiction of this Court pursuant to 29 U.S.C. Sections 621 et seq. known as the Age Discrimination in Employment Act. On April 18, 2019, Plaintiff filed a charge of discrimination with the Ohio Civil Rights Commission and Equal Employment Opportunity

Commission on the basis of race and age, charge number 22A-2019-01974, attached hereto as Exhibit A and incorporated by reference as if fully restated herein. On October 10, 2019, the District Director of the EEOC notified Plaintiff of his right to file suit in an appropriate state or federal court within ninety (90) days of his receipt of said notice. See Exhibit B incorporated by reference herein. Plaintiff states that he received a copy of Exhibit B on or after October 11, 2019.

## PARTIES

2.	Plaintiff, Larry Reynolds, is a citizen of the United States, and a resident of the City of Perrysburg, County of Wood, State of Ohio, who was employed by Defendant at its Toledo Machining Plant from April 27, 1998 until his termination on February 19, 2019. At all times material hereto, Plaintiff was an employee of an employer within the meaning of 29 U.S.C. Sections 621 et seq. and 42 U.S.C. Sections 2000 e et seq.in that Defendant is an employer who employed more than twenty (20) employees at all times material hereto.

3.	Plaintiff states that the Defendant is a limited liability company organized under the laws of the state of Delaward. Defendant has a location in the City of Perrysburg, County of Wood, State of Ohio, where the events pertinent hereto transpired. At all times material hereto, Defendant at all times had more than twenty (20) employees and was also an employer within the meaning of 42 U.S.C. Sections 2000 e et seq. and 29 U.S.C. Sections 521 et seq.

## NATURE OF THE CASE

4.	Plaintiff brings this action for damages and injunctive relief for an unlawful termination of his employment. Plaintiff alleges that in terminating him, the Defendant did so in violation of 42 U.S.C. Sections 2000 e et seq. and 29 U.S.C. Sections 621 et seq.

5.	Plaintiff was first hired by Defendant on April 27, 1998.

6.	Plaintiff's most recent position was Operator.

7. Plaintiff is an African American citizen of the United States. Plaintiff was also 59 years of age at the time of the adverse action complained of and in the age group protected by 29 U.S.C. Sections 621 et seq.

8. Effective February 1, 2019, Plaintiff was terminated for alleged violations of Defendant's conduct policies with regard to a female employee.

9. Defendant purported to terminate Plaintiff for inappropriate behavior

10. Plaintiff disputes the behavior and notes that it was consensual and that the allegations were not investigated until long after the fact. The allegations of harassment made by a female employee were false.

## FIRST CLAIM FOR RELIEF
## 29 U.S.C. Sections 621 et seq, Age Discrimination

11. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through ten (10) of this Complaint, supra, by reference in its entirety as if fully restated herein.

12. Plaintiff was also 59 years of age at the time of the adverse action complained of and in the age group protected by 29 U.S.C. Sections 621 et seq.

13. Effective February 1, 2019, Plaintiff was terminated for alleged violations of Defendant's conduct policies with regard to a female employee.

14. Defendant purported to terminate Plaintiff for inappropriate behavior

15. Plaintiff disputes the behavior and notes that it was consensual and that the allegations were not investigated until long after the fact. The allegations of harassment made by a female employee were false.

16. Plaintiff was meeting or exceeding his employer's legitimate expectations.

17. Plaintiff states that the reason for his termination was because of his age. Younger, similarly situated employees were treated more favorably than Plaintiff. They were retained in their positions.

18. Upon information and belief, Defendant issued discipline less than termination (such as a suspension or other disciplinary action), for other younger employees in substantially similar situations.

19. Upon information and belief, Plaintiff was replaced by an individual substantially younger than Plaintiff.

20. The reason for Plaintiff's termination was false and pretextual as the allegations were false, any conduct between the parties was consensual, and an inordinately long period of time passed between events between the parties and the ultimate report and investigation of any allegations.

21. Plaintiff states that Defendant has unlawfully and/or willfully discriminated against him on the basis of age in violation of 29 U.S.C. §621 et seq.

22. As a proximate result of the acts of the Defendant complained of herein, Plaintiff has suffered the loss of his long standing job position of over twenty (20) years, and the loss of past and future wages and benefits including health and retirement benefits. Plaintiff has also suffered, as a proximate result of the acts of Defendant complained of herein, pain and suffering, humiliation and embarrassment.

### SECOND CLAIM FOR RELIEF
### 42 U.S.C. Sections 2000e et seq. Title VII

23. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through twenty-two (22) of this Complaint, supra, by reference in its entirety as if fully restated herein.

24. Plaintiff is an African American individual.

25.     Effective February 1, 2019, Plaintiff was terminated for alleged violations of Defendant's conduct policies with regard to a female employee.

26.     Defendant purported to terminate Plaintiff for inappropriate behavior

27.     Plaintiff disputes the behavior and notes that it was consensual and that the allegations were not investigated until long after the fact.  The allegations of harassment made by a female employee were false.

28.     Plaintiff was meeting or exceeding his employer's legitimate expectations.

29.     Upon information and belief, Defendant issued discipline less than termination (such as a suspension or other disciplinary action), for Caucasian employees in substantially similar situations.

30.     Upon information and belief, Plaintiff was replaced by an individual of a race different than Plaintiff.

31.     The reason for Plaintiff's termination was false and pretextual.

32.     In terminating Plaintiff, Defendant has intentionally discriminated against him on the basis of his race in violation of Title VII of the Civil Rights Act of 1964 as amended and as amended by the Civil Rights Act of 1991.

33.     As a proximate result of the actions of Defendants as complained of herein, Plaintiff has suffered the loss of his job position, back wages, fringe benefits, diminished earning capacity and great mental and emotional stress, anxiety, humiliation and embarrassment all to his damage. Plaintiff has also been forced to expend litigation expenses and attorney's fees.

**WHEREFORE,**  Plaintiff demands a judgment ordering reinstatement to his position together with lost back pay seniority and benefits or in the alternative for an award of front pay in lieu of reinstatement and judgment against Defendant for compensatory and punitive damages for

emotional distress, anxiety, humiliation and embarrassment plus his costs, interest and reasonable attorney fees.  Plaintiff also seeks an amount of liquidated damages equal to his damages and his costs and attorneys fees all together with prejudgment and post judgment interest.  Plaintiff further prays for whatever other legal or equitable relief he may appear to be entitled to.

        Respectfully submitted,

        **WASSERMAN, BRYAN, LANDRY & HONOLD, LLP**


        /s/ Francis J. Landry
        Francis J. Landry, Attorney for
        Plaintiff, Larry Reynolds


## JURY DEMAND

Plaintiff demands a jury trial as to all issues so triable in the within cause.

        /s/ Francis J. Landry
        Francis J. Landry, Attorney for
        Plaintiff, Larry Reynolds